UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION


BRUCE ERIC HOWARD,

                Plaintiff,

v.                         Case No. 3:05-cv-724-J-16HTS

NORTH FLORIDA RECEPTION CENTER
MEDICAL STAFF, et al.,

                Defendants.
_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

On August 1, 2005, Plaintiff, an inmate of Everglades Correctional Institution in Miami, Florida, proceeding *pro se*, initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983. On the civil rights complaint form, Section IV.B. states the following: "Have you initiated other lawsuits in federal court dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof?" There are parenthetical areas to mark either yes or no. Plaintiff marked no on his complaint. At the end of the civil rights complaint form, Plaintiff signed his name after the following statement on the form: "I declare under penalty of perjury that the foregoing is true and correct."

The Court takes judicial notice of Plaintiff's previous filings in federal court: 3:90-cv-995-J-16HTS; 6:03-cv-1674-Orl-28DAB; 6:04-cv-134-Orl-31DAB; and, 6:04-cv-407-Orl-31JGG. With

regard to the above-listed cases, Plaintiff failed to completely provide the information requested on the form, specifically set forth in Section IV.C. (1)-(8). The sophistication of Plaintiff's substantive arguments and his knowledge of the procedural rules convince this Court that Plaintiff understands the requirements of fully informing the Court regarding previous filings, the facts and claims of the previous lawsuits, and the specific reasons for dismissal. See Section IV.C. (1)-(8).

This Court has the authority to control and manage matters such as this pending before it. This Court firmly believes that Plaintiff must conform to acceptable standards in approaching this Court. This Court will not tolerate incomplete or false responses and/or statements in any pleading or motion filed for consideration by the Court. If the Court cannot rely on the statements and/or responses made, it threatens the quality of justice. Here, Plaintiff has improperly responded to Question B. and incompletely responded to Question C. in Section IV., entitled "Previous Lawsuits."

The President of the United States, on April 26, 1996, signed into law several amendments significantly affecting prison litigation. These amendments are entitled the Prison Litigation Reform Act of 1995. Specifically, prisoners proceeding *in forma pauperis* are prohibited from bringing a civil action or appeal if the prisoner has, on three or more prior occasions, while

incarcerated, brought an action or appeal in a federal court that was dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury. See Prison Litigation Reform Act of 1995, Section 804; 28 U.S.C. § 1915(g)[1].  For these reasons, it is imperative that Plaintiff comply with the instructions of the civil rights complaint form.

Therefore, this case will be dismissed for Plaintiff's abuse of the judicial process in not providing the Court with true factual statements and/or responses that can be relied on to bring his case to an expeditious closure.  If Plaintiff chooses to refile a civil rights case in this Court, he must provide the above-described information with regard to previously-filed cases. Further, any claims arising at Everglades Correctional Institution should be addressed in a civil rights complaint filed in the United States District Court for the Southern District of Florida.[2]

---

[1] This section is commonly referred to as the "three strikes" provision. See Rivera v. Allin, 144 F.3d 719 (11th Cir. 1998).  In Rivera, the court found that the dismissal of one of the plaintiff's previous lawsuits as an abuse of the judicial process (for lying under penalty of perjury about the existence of a prior lawsuit) should count as one of the three strikes under this provision because "dismissal for abuse of the judicial process is precisely the type of strike that Congress envisioned when drafting section 1915(g)."  Rivera v. Allin, 144 F.3d at 731.

[2] Plaintiff names two physicians, as Defendants, who are employed at Everglades Correctional Institution in Dade County, Florida, and it appears that some of the claims arose at Everglades Correctional Institution.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. This case is hereby dismissed **without prejudice**.

2. The Clerk of the Court shall enter judgment dismissing this case without prejudice.

3. The **Clerk of Court** shall send a Civil Rights Complaint form and an Affidavit of Indigency form to Plaintiff. In refiling, Plaintiff shall **either** file a fully completed Affidavit of Indigency (if Plaintiff desires to proceed as a pauper) **or** pay the $250.00 filing fee (if Plaintiff does not desire to proceed as a pauper). Plaintiff should not place this case number on the forms. The Clerk will assign a separate case number if Plaintiff elects to refile his claims.

**DONE AND ORDERED** at Jacksonville, Florida, this _2nd_ day of August, 2005.

JOHN H. MOORE II
United States District Judge

sc 8/2

c:

Bruce Eric Howard